Ira G. Cooper, Esq.
Cooper and Paroff P.C.
80-02 Kew Gardens Road, Suite 300
Kew Gardens, New York 11415
telephone (718)793-1311
ira@cpc-law.com

Henry M. Graham, Esq.
80-02 Kew Gardens Road, Suite 300
Kew Gardens, New York 11415
telephone (718)793-1311
hgraham@cpc-law.com

*Attorneys for Plaintiffs*
*Joshua Friedman and Melissa Brezina*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 27 2014 ★
LONG ISLAND OFFICE

CV 14 1953
SEYBERT, J
LINDSAY, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSHUA FRIEDMAN and MELISSA BREZINA        CV-

       Plaintiff,

  -against-

THE STANDARD FIRE INSURANCE
COMPANY
       Defendant.
-------------------------------------------------------------X

Jury trial demanded

**VERIFIED COMPLAINT**

    Joshua Friedman and Melissa Brezina (collectively "Plaintiffs"), complaining of the Defendant, by their attorneys, COOPER AND PAROFF, P.C., based on their individual experiences and the investigation of their counsel, and upon information and belief, respectfully show this Court and allege on behalf of the proposed plaintiffs, and on behalf of the general public, as follows:

## JURISDICTION

1. This action arises out of a dispute concerning flood insurance claim whereby Plaintiffs seek $250,000.00 from Defendants for flood insurance benefits due to the total destruction of Plaintiffs' home located in Nassau County, New York.

2. Defendant participates in and issues flood insurance policies pursuant to the National Flood Insurance Programs, Write-Your-Own Program. Same Program was created by the United States Government pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001.

3. This action arises under 42 U.S.C. §4072, which vests the United States District Court for the district in which the insured property is located with exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claims under the National Flood Insurance Program. See 42 U.S.C. §4072.

4. Further, Plaintiffs Joshua Freidman and Melissa Brezina are individuals residing in the State of New York, and therefore citizens pursuant to 28 U.S.C. § 1332 of the State of New York for the purpose of diversity jurisdiction.

5. Defendant is a corporation incorporated in the State of Connecticut with its principal place of business in Hartford, Connecticut. Thus Defendant is a citizen pursuant to 28 U.S.C. § 1332 of the State of Connecticut for the purposes of diversity jurisdiction.

6. Consequently, there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332.

7. Additionally, Plaintiffs seek damages in excess of $75,000.00, exclusive of interest and costs. Plaintiffs seek damages in the amount of $250,000.00.

8. Accordingly, this court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332.

## PARTIES

9. That, at all times hereinafter mentioned, the Plaintiff, JOSHUA FRIEDMAN, is a resident of Nassau County, New York.

10. That, at all times hereinafter mentioned, the Plaintiff, MELISSA BREZINA, is a resident of Nassau County, New York.

11. That, at all times hereinafter mentioned, Defendant, THE STANDARD FIRE INSURANCE COMPANY, was and still is a domestic for profit corporation duly organized and existing under and by virtue of the laws of the State of Connecticut and has its primary place of business in Hartford Connecticut.

## FACTUAL ALLEGATIONS

12. At all times hereinafter mentioned Plaintiffs were and now are in possession of and the owner of and seized in fee of certain real estate in the town of Seaford, County of Nassau, known as 2648 Riverside Avenue.

13. On or about July 26, 2012, Defendant herein duly issued and delivered to Plaintiffs a policy of insurance with flood policy declaration covering the period July 26, 2012 through July 26, 2013, under policy number 600541112092012. Same Policy Number is a standard form of flood insurance wherein and whereby Defendant, in consideration of the sum of $2,293.00 premium paid by Plaintiffs to Defendant, did insure said Plaintiffs against loss or damage by flood in the amount not exceeding $250,000.00, plus contents damage of $50,000.00.

14. On or about October 29, 2012 and while said policy of insurance was in full force and effect the aforesaid premises owned by Plaintiffs was damaged by a storm and resultant flood.

15. That said flood did not occur by any of the causes excepted in said policy.

16. That the true and actual amount of the damage caused by said flood exceeds the $250,000.00 coverage contained in said policy.

17. At the time said policy of insurance was issued as aforesaid and up to and including the time of such loss, Plaintiffs were the true and lawful owners of the subject property covered by said policy of insurance.

18. There was no other insurance upon said property or any portion thereof at the time of such damage.

19. Plaintiff gave due notice to Defendant regarding said loss and provided proof of said loss in accordance with the terms and conditions of said policy on their part to be performed.

20. Specifically, that on or about September 23, 2013, Plaintiffs provided Defendants with the requisite Proof of Loss, including estimates for actual repairs.

21. That in the course of fixing their home, Plaintiffs received reports from engineers advising the subject premises be demolished and reconstructed.

22. That Plaintiffs have provided Defendant with engineer reports, whereby same report concluded that the most "feasible, practical and cost effective" remedy would be to replace the entire dwelling and rebuild a new dwelling.

23. That the Town of Hempstead condemned the subject premises as unlivable.

24. That the Town of Hempstead, Department of Buildings had determined that the subject premises significant damage to the dwelling, including but not limited to the foundation,

whereby, the foundation has "completely separated from the floor system. This has resulted in damage throughout the dwelling…The inundation of water in the home has resulted in the destruction of the structural support of the dwelling."

25. That on or about October 17, 2013, Defendant sent a letter to Plaintiffs "…denying the entire amount of the Proof of Loss…"

26. That Defendant has refused to pay Plaintiffs for the actual damages sustained by Plaintiffs.

## FIRST CAUSE OF ACTION

27. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "26" as it fully set forth herein.

28. This cause of action is brought against Defendant on behalf of Plaintiffs for Defendants failure to provide Plaintiffs with the necessary monetary funds to repair the subject premises.

29. That on or about October 29, 2012, the subject insurance policy was in full force and effect.

30. That Plaintiffs provided Defendant with a copy of a Proof of Loss as required by the subject insurance policy.

31. That Plaintiffs have provided Defendant with all requisite estimates to replace the subject premises.

32. That Defendant ignored professional recommendations putting Plaintiffs' home and person in grave danger, and further breached its obligation under policy number 60054112092012.

33. That said flood did not occur by any of the causes excepted in said policy.

34. That the true and actual amount of the damage caused by said flood exceeds the $250,000.00 coverage contained in said policy.

35. By virtue of the foregoing, Plaintiffs have been damaged in an amount of $250,000.00.

## DEMAND FOR JURY TRIAL

36. Plaintiffs hereby demand a trial by jury on all causes of action so triable.

**WHEREFORE,** it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiffs demand a trial by jury and judgment against Defendant as follows:

(a) Compensatory damages in an amount of $250,000.00

(b) For an order awarding such other and further relief as this Court may deem just and proper.

Dated: Kew Gardens, New York
March 26, 2014

Henry M. Graham, Esq (HG – 1498)
COOPER AND PAROFF P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Rd.
Suite 300
Kew Gardens, NY 11415
(718) 793-1311

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF QUEENS ) ss:

JOSHUA FRIEDMAN and MELISSA BREZINA being duly sworn, deposes and says under penalties of perjury:

We are the Plaintiffs in this action and as such, we are fully familiar with the facts set forth in the foregoing complaint and that the allegations contained therein are true to my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes them to be true.

_____
JOSHUA FRIEDMAN

_____
MELISSA BREZINA

Sworn to before me this
17th Day of MARCH 2014

_____
Notary Public

PAUL HENNING
Notary Public, State of New York
NO. 02HE5042201
Qualified in Nassau County
Commission Expires 4/17/15